IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELANIE BRIGHT,                               *
                                              *
                          Plaintiff,          *
vs.                                           *        No. 4:12-cv-00667-SWW
                                              *
                                              *
ARKANSAS INSURANCE                            *
DEPARTMENT, Public Employee                   *
Claims Division,                              *
                                              *
                          Defendant.          *

## ORDER

Pro se Plaintiff Melanie Bright brings this action against Defendant Arkansas

Insurance Department, Public Employee Claims Division, alleging that Defendant failed

to pay her medical expenses and to offer her a settlement for a Worker's Compensation

claim dated July 25, 2008.  She states she asked the claims manager for Defendant "for a

settlement regarding this case around November 2009 over the phone while visiting my

therapist" but that he said "a settlement didn't apply to me."  Plaintiff goes on to allege

that she has "called and written statement for medical payment" but that "nothing's been

payed as of today."

The Court has carefully considered the matter and must dismiss this action for lack

of subject matter jurisdiction as diversity jurisdiction is lacking, see 28 U.S.C. § 1332(a),

and Plaintiff alleges no viable basis for federal-question jurisdiction, see 28 U.S.C. §

1331; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (threadbare recitals of elements of

cause of action supported by mere conclusory statements are not entitled to assumption of

truth).[1]  Rather, Plaintiff may file her action in the appropriate state court.[2]

IT IS THEREFORE ORDERED that this action be, and it hereby is, dismissed without prejudice.  Judgment will be entered accordingly.

Dated this 29th day of October 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)).  Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.  *Id*.  Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States."  *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999) (quoting 28 U.S.C. § 1331).  Generally, an action arises under federal law only if issues of federal law are raised in the plaintiff's well-pleaded complaint.  *Id*.

[2] Plaintiff's motions to proceed *in forma pauperis* [doc.#1] and for the appointment of counsel [doc.#3] are denied as moot.